UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM KUSSY, JR., on behalf of himself and
all others similarly situated,

        Plaintiff,

v.

        Case No. 06-12899
        HON. MARIANNE O. BATTANI

HOME DEPOT U.S.A. INC.,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND,
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, AND GRANTING
IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

**I.     INTRODUCTION**

Before the Court is Defendant's Motion to Dismiss (Doc. #3).  Also before the Court is Plaintiff's Motion to Amend Complaint and Reconsideration of Plaintiff's Motion to Remand (Doc. #16).  William Kussy, on behalf of himself and other Michigan customers, sued Home Depot for not honoring the marked price of electrical wiring.  Kussy brought his suit in state court, asserting claims for unjust enrichment, fraud/ misrepresentation, a violation of the Michigan Consumer Protection Act ("MCPA"), and breach of contract.  Home Depot removed based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332.

Kussy asked the Court to remand the case back to state court on the basis that the amount in controversy does not exceed the statutory threshold.  On September 14, 2006, the Court denied the motion to remand, finding that the statutory threshold had been met.  Kussy now asks the Court to reconsider that ruling in light of his proposed amended complaint that eliminates his request for treble damages.  He asserts that in light of the proposed amendments, which relate

back to the time of filing under FED. R. CIV. P. 15, the Court no longer has jurisdiction because the amount in controversy no longer exceeds the statutory threshold.  Home Depot contends Kussy's claims fail as a matter of law, and asks the Court to dismiss the suit in its entirety.

## II.     STATEMENT OF FACTS

Kussy purchased electrical wire that was individually packaged and priced for sale by Home Depot in its Dearborn Heights, Michigan store.  The electrical wire was marked at $114.00 for 12-2 wire, 1000 foot length, and $76.00 for 12-3 wire, 250 foot length.  However, Home Depot refused to honor the marked price for the electrical wire, and Kussy was subsequently charged $408.00 and $125.00, respectively, at the sales register.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows district courts to dismiss a complaint which fails "to state a claim upon which relief may be granted."  "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true.  Under this standard, a complaint should be dismissed only where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996).  The Sixth Circuit has made it clear that "[a] complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."  Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997).  The United States Supreme Court recently reiterated this principle, holding that a complaint that fails to allege facts supporting basic elements like loss and loss causation fails to satisfy Federal Rule of Civil Procedure 8.  See Dura

Pharms., Inc. v. Broudo, 544 U.S. 336, 338 (2005). When faced with a FED. R. CIV. P. 12(b)(6) motion to dismiss, a district court,

> . . . must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990). A complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). A judge may not grant a FED. R. CIV. P. 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations. Id.

In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). However, the court does not give the presumption of truthfulness to any legal conclusions, opinions, or deductions, even if they are couched as factual allegations. Sexton v. Barry, 233 F.2d 220, 223 (6th Cir. 1956); Tidik, 938 F.Supp. at 421; Western Mining Council v. Watt, 643 F.2d 618, 629 (9th Cir. 1980); Mitchell v. Archibald & Kendall, Inc., 573 F.2d 429, 432 (7th Cir. 1978). Accordingly, to determine whether a complaint should be dismissed for failure to state a claim under Rule 12(b)(6), this court must examine the applicable substantive law and the facts alleged in the plaintiff's complaint.

## IV.  ANALYSIS

### A.  Plaintiff's Motion for Reconsideration

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties
> have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(g)(3).

A motion for reconsideration which merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. Czajkowski v. Tindall & Associates, P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997). A party moving for reconsideration bears a heavy burden. Wrench LLC v. Taco Bell Corp., 36 F. Supp.2d 787, 789 (W.D. Mich. 1998). In order to prevail, the movant must demonstrate: (1) the Court and the parties have been mislead by a palpable defect, and; (2) the correction of that defect will result in a different disposition of the case. L.R. 7.1(g)(3). A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001); Mktg. Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997).

The Court initially notes that Plaintiff's motion is untimely. Local Rule 7.1(g)(1) requires a party to file all motions for reconsideration or rehearing within ten days after entry of the order. Here, the Court issued the order on September 14, 2006. Plaintiff did not file his motion for reconsideration until October 13, 2006, well beyond the filing deadline.

However, even if he had met the deadline, the motion is without merit. When determining if removal is proper, the Court looks to the "damages sought by Plaintiff[] at the time of removal-i.e., the damages sought by Plaintiff[] in [the] original complaint." Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 573 (6th Cir. 2001). Thus, "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1938); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000)("Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in

4

controversy do not oust jurisdiction."). Accordingly, Plaintiff's motion for reconsideration is DENIED.

### B. Plaintiff's Motion For Leave to File an Amended Complaint

A party may amend a pleading once as a matter of right if it is done before a responsive pleading is served. FED. R. CIV. P. 15(a). A party may otherwise amend the its pleading only by leave of the court, or by written consent of the adverse party. Id. Leave to amend a complaint shall be freely given when justice so requires. Id. "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005). The changes in Plaintiff's proposed amended complaint comprise of limitations on the putative class period, and a limitation on the amount of damages sought. The changes were made in an unsuccessful attempt to divest the Court of jurisdiction. However, no substantive factual allegations were added or deleted. Because the proposed changes would not cure any of the legal deficiencies contained in the original complaint, the Court finds that leave to file an amended complaint would be futile. Consequently, Plaintiff's Motion to Amend Complaint is DENIED.

### C. Defendant's Motion to Dismiss

#### 1. Plaintiff's Unjust Enrichment Claim

Kussy argues that once he accepted Home Depot's offer to sell him the wire at the marked price, a sales contract was formed. He alleges that Home Depot's attempted modification of that contract at the sales register was void as against public policy. As a result,

he argues that there is no valid contract and seeks recompense through an unjust enrichment theory. "The elements of a claim for unjust enrichment are: (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." Barber v. SMH (US), Inc., 509 N.W.2d 791, 796 (Mich. Ct. App. 1993). In such a situation, a contract will be implied by law to prevent unjust enrichment. Id.

"However, a contract will be implied only if there is no express contract covering the same subject matter." Id., Liggett Restaurant Group, Inc. v. City of Pontiac, 676 N.W.2d 633, 639 (Mich. Ct. App. 2003). "If the parties admit that a contract exists, but dispute its terms or effect, an action will not also lie for quantum meruit or implied contract." Advanced Plastics Corp. v. White Consol. Industries, Inc., 828 F.Supp. 484, 491 (E.D. Mich. 1993) (Feikens, J.) (citing Shurlow Tile and Carpet Co. v. Farhat, 231 N.W.2d 384 (Mich. Ct. App. 1975); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 939 (6th Cir. 1989)). "In other words, alternative pleading of an implied contract claim is only allowed in a contract setting where a party doubts the existence of a contract." Id., Campbell v. Troy, 202 N.W.2d 547 (Mich. Ct. App. 1972). In this case, the parties do not dispute that a contract was formed. Rather, they dispute what version of their contract governs this dispute. Home Depot asserts that the terms of the original contract were later modified. Kussy argues that the modification was void. However, if the modification was void, the terms of the original contract would govern. See Pine Shores Realty Co. v. Parker, 235 N.W. 163, 165 (Mich. 1931), Travelers Ins. Co. v. Carey, 180 N.W.2d 68, 72 (Mich. Ct. App. 1970). A claim for unjust enrichment cannot be asserted when both parties agree that a contract exists, but dispute its terms. Therefore, Kussy's unjust enrichment claim must be DISMISSED.

### 2. Plaintiff's Fraud Claim

In Count II of his Complaint, Kussy alleges Home Depot committed fraud by marking the wire with one price, and then charging him a higher price at the check-out.

> In order to show fraud or misrepresentation, plaintiff must prove: (1) that defendant made a material misrepresentation; (2) that the representation was false; (3) when defendant made the representation, defendant knew that it was false, or made it recklessly without knowledge of its truth or falsity; (4) that defendant made it with the intent that plaintiff would act upon it; (5) that plaintiff acted in reliance upon it; and (6) that plaintiff suffered injury. Hi-Way Motor Co v. Int'l. Harvester Co., 398 Mich. 330, 336, 247 N.W.2d 813 (1976). An action for fraudulent misrepresentation must be predicated on a statement relating to a past or an existing fact. Id. Future promises are contractual and cannot constitute actionable fraud. Id.

Baker v. Arbor Drugs, Inc., 544 N.W.2d 727, 732 (Mich. Ct. App. 1996).

Home Depot argues that Kussy cannot demonstrate his reliance on the mis-priced wire was reasonable because he was informed of the altered price, and once he learned the "correct price," he voluntarily chose to purchase the wire for that price. Kussy contends that, under Michigan law, the marked price is the "correct price," not the price given at the register. However, even assuming that contention to be true, because he was apprised of the altered price before he made the purchase and chose to buy the wire at that price anyway, he cannot show that he reasonably relied on the marked price when he made the purchase. "[A] person who unreasonably relies on false statements should not be entitled to damages for misrepresentation." Novak v. Nationwide Mut. Ins. Co., 599 N.W.2d 546, 554 (Mich. Ct. App. 1999); Nieves v. Bell Industries, Inc., 517 N.W.2d 235, 238 (Mich. Ct. App. 1994)("A misrepresentation claim requires reasonable reliance on a false representation."). His willingness to purchase the wire for the price charged shows that he did not reasonably rely on the marked price. Moreover, "[t]here can be no fraud where a person has the means to determine that a representation is not true."

Nieves, 517 N.W.2d at 238. Here, Kussy had the means to determine, and did determine, that the representation as to price was not true. Therefore, his fraud claim fails.

### 3. Plaintiff's Breach of Contract Claim

To recover for breach of contract under Michigan law, a plaintiff must prove: 1) the existence of a contract, 2) the terms of the contract, 3) that the defendant breached the contract, and 4) that the breach caused the plaintiff injury. Webster v. Edward D. Jones & Co., 197 F.3d 815, 819 (6th Cir. 1999).

As stated earlier, Home Depot admits that a contract existed between the parties. It, however, argues that to the extent Kussy claims that he had a contract with it to purchase the wire at a different price, that agreement was modified at the sales register, and thus, there has been no breach. The Michigan Pricing and Advertising Act ("MPAA"), in relevant part, states:

> (1) A person shall not knowingly charge or **attempt to charge** for a consumer item a retail sale price exceeding the price required to be indicated pursuant to section 3. . . . .
> (2) It shall be prima facie evidence of a violation of this section if a price charged or **attempted to be charged** as a result of electronic identification or calculation by an automatic checkout system exceeds the price required to be indicated pursuant to section 3.[§ 445.353]

MICH. COMP. LAWS ANN. § 445.354. "Contracts founded on acts prohibited by a statute, or contracts in violation of public policy, are void." Michelson v. Voison, 658 N.W.2d 188, 190 (Mich. Ct. App. 2003), Maids Int'l, Inc. v. Saunders, Inc., 569 N.W.2d 857 (Mich. Ct. App. 1997). The modification of the purchase agreement at the check-out is prohibited by statute, and thus void. See Michelson, 658 N.W.2d at 190. Therefore, Kussy has adequately stated a claim for breach of contract based on Home Depot's failure to abide by the purchase price terms of the original agreement.

### 4. Plaintiff's Consumer Protection Act Claim

In Count IV of his Complaint, Kussy alleges that Home Depot's actions violated the MCPA, because it is an unconscionable, unlawful, unfair, and deceptive practice to charge customers more than the marked price. The provisions of the MCPA are to be construed with reference to the common-law tort of fraud. Mayhall v. A. H. Pond Co., Inc., 341 N.W.2d 268, 270 (1983). As mentioned above, in order to establish a claim for fraud or misrepresentation, Kussy must show: 1) that the defendant made a material misrepresentation that was false; 2) the defendant knowingly made the false representation with the intent that the plaintiff would act upon it; 3) that the plaintiff acted in reliance upon it; and, 4) resulting damages. Baker, 544 N.W.2d at 732.

Kussy specifically alleges that Home Depot's conduct violated the following provisions of the MCPA:

> (c). Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . .
> (g): Advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented.
> (f): Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which could not reasonably by known by the consumer.
> (s): Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;
> (u): Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.
> (y): Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

> (z): Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold;
> (bb): Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.
> (cc). Failing to reveal facts that are material to the transaction in light of representations of facts made in a positive manner.

MICH. COMP. LAWS ANN. § 445.903. Under the facts alleged in this case, many of these sections are inapplicable. "[A] material fact for purposes of the MCPA would likewise be one that is important to the transaction or affects the consumer's decision to enter into the transaction." Zine v. Chrysler Corp., 600 N.W.2d 384, 398 (Mich. Ct. App. 1999). Because Home Depot informed Kussy of the altered price before he purchased the wire, it did not fail to reveal a material fact about the price that misled him in any way. Further, Kussy decided to enter into the transaction after he was apprised of the altered price. Therefore, he has no valid claim that Home Depot violated the MCPA because it failed to reveal a material fact about the transaction.

Moreover, there are no allegations that Home Depot represented that the wire had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that it did not have. Likewise, there are no allegations that Kussy rescinded, canceled, or otherwise terminated his purchase. Nor is there a written agreement covering the transaction in question, or concomitant promised benefits. Finally, there are no allegations that the charged price was grossly in excess of what other retailers charge for similar products.

After eliminating the portions of the MCPA that are inapplicable, what is left of Kussy's MCPA claim is the allegation that Home Depot advertised or represented goods or services with intent not to dispose of those goods or services as advertised or represented. MICH. COMP. LAWS ANN. § 445.903(1)(g). However, because claims under the MCPA are to be construed with

10

reference to the common-law tort of fraud, Kussy is unable to prove a set of facts in support of his claims that would entitle him to relief. As discussed above, because he had the means to determine, and did determine, that the representation as to price was not true, and because he cannot show that he relied on the lower, marked price when he purchased the wire, his claim under the MCPA is untenable. See Novak, 599 N.W.2d at 554, Nieves, 517 N.W.2d at 238.

Moreover, Kussy's argument that the MCPA does not require reliance is without merit. The Michigan Supreme Court has held:

> . . . members of a class proceeding under the Consumer Protection Act need not individually prove reliance on the alleged misrepresentations. It is sufficient if the class can establish that a reasonable person would have relied on the representations.

Dix v. Am. Bankers Life Assur. Co. of Florida, 415 N.W.2d 206, 209 (Mich. 1987)(footnote omitted). However, ". . . *Dix* does not apply because it merely holds that individual reliance did not have to be proven to maintain a class action under the MCPA. *Dix* does not hold that reliance is not an element of common law fraud claims, as Plaintiff asserts." McClain v. Coverdell & Co., 272 F.Supp.2d 631, 640 fn.7 (E.D. Mich. 2003)(Tarnow, J.). Thus, Kussy still must show reliance, and for the class action allegations, must show that a reasonable person would have relied on the marked price of the wire. In light of the alleged facts, he is unable to show reasonable reliance on the marked price, and his MCPA claim fails as a matter of law.

### 5.  Plaintiff's Conversion Claim

In the final Count of his Complaint, Kussy alleges that Home Depot has converted his money by retaining the overcharged portion of the purchase price. "'Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein.'" Thoma v. Tracy Motor Sales, Inc., 104 N.W.2d 360, 362 (Mich.

1960)(quoting Nelson & Witt v. Texas Co., 239 N.W. 289, 291 (Mich. 1931)).  Kussy contends that the MPAA requires Home Depot to return the overpriced portion of the sale plus additional sums as a penalty.  He goes on to argue that by failing to abide by the terms of the Pricing Act, Home Depot has wrongfully exercised dominion over his money.

"To support an action for conversion of money, the defendant must have an obligation to return the specific money entrusted to his care."  Head v. Phillips Camper Sales & Rental, Inc., 593 N.W.2d 595, 603 (Mich. Ct. App. 1999).  Notwithstanding the fact that he may have a cause of action under the Pricing and Advertising Act, and that the MPAA creates an obligation to return illegal overcharges, his conversion claim still fails.  "'The defendant must have obtained the money without the owner's consent . . . .'"  Id. (quoting Citizens Ins. Co. v. Delcamp Truck Center, Inc., 444 N.W.2d 210, 213 (Mich. Ct. App. 1989)).  Here, Kussy willingly paid the price Home Depot demanded.  Thus, Home Depot has not obtained his money without his consent, and he is unable to maintain a viable conversion claim.

V.     **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint and Reconsideration of Plaintiff's Motion to Remand are **DENIED.  IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** part. **IT IS FURTHER ORDERED** that Counts I, II, IV & V of Plaintiff's Complaint are **DISMISSED.**

**IT IS SO ORDERED.**

           s/Marianne O. Battani
           MARIANNE O. BATTANI
           UNITED STATES DISTRICT JUDGE

DATED: November 27, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or ECF Court System.

           s/Bernadette M. Thebolt
           DEPUTY CLERK